UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEANIECE D. CARTER,

       Plaintiff,                        No.19-12381

v.                                     District Judge Paul D. Borman
                                          Magistrate Judge R. Steven Whalen

UNIVERSITY OF TEXAS AT DALLAS,
ET AL.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

On August 12, 2019, Plaintiff Geaniece D. Carter filed a *pro se* civil complaint [ECF No. 1]. Defendants University of Texas at Dallas, George Fair, Carolyn Bray, and Barbara Ashmore filed a motion to dismiss on September 11, 2019 [ECF No. 9]. Because the Plaintiff's original complaint has been superseded by her timely filed amended complaint [ECF No. 13], I recommend that the Defendants' motion to dismiss [ECF No. 9] be DENIED AS MOOT.[1]

## I.   DISCUSSION

Fed.R.Civ.P. 15(a)(1)(B) provides that a party may amend a pleading to which a responsive pleading is required (such as a complaint) as a matter of right "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." In this case, the Defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(1), (2), and (6) on September 11, 2019 [ECF No. 9]. Plaintiff then filed an amended complaint on September 23, 2019 [ECF No. 13], within the 21

---

[1] The case has been referred for all pretrial proceedings [ECF No. 8].

days set forth in Rule 15(a)(1)(B).

Plaintiff's amended complaint supersedes the original complaint on which the Defendants' motion to dismiss is based, and the original complaint has thus become a legal nullity. *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir.2000) ("Plaintiff's first amended complaint, not his original complaint, was the legally operative complaint"); *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir.2000) (when plaintiff files amended complaint, new complaint supersedes all previous complaints and controls case from that point forward). *See also B & H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 n. 8 (6th Cir.2008) ("a prior 'complaint is a nullity, because an amended complaint supercedes all prior complaints'") (quoting *Drake v. City of Detroit*, 2008 WL 482283 at *2 (6th Cir. 2008).

Therefore, Defendants' motion to dismiss the original complaint [ECF No. 9] should be dismissed as moot. I note that Defendants have filed an amended motion to dismiss the amended complaint [ECF No. 17], which will be decided in due course.[2]

## II. CONCLUSION

I recommend that Defendants' motion to dismiss [ECF No. 9] be DENIED AS MOOT.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638

---

[2] Plaintiff's response to the amended motion to dismiss is due on or before October 28, 2019.

F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: October 9, 2019

---

### CERTIFICATE OF SERVICE

I hereby certify on October 9, 2019, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on October 9, 2019.