UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEANIECE D. CARTER,

        Plaintiff,                                No.19-12381

v.                                            District Judge Paul D. Borman
                                                  Magistrate Judge R. Steven Whalen

UNIVERSITY OF TEXAS AT DALLAS,
ET AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

On August 12, 2019, Plaintiff Geaniece D. Carter filed a *pro se* civil complaint [ECF No. 1] naming Defendants University of Texas at Dallas, George Fair, Carolyn Bray, and Barbara Ashmore. She filed an amended complaint on September 23, 2019, naming these same Defendants [ECF No. 13].[1] Before the Court is Defendants' motion to dismiss her first amended complaint [ECF No. 17], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

**I. FACTS**

Between 2002 and 2004, Plaintiff Geaniece Carter completed her course work at the University of Texas Dallas ("UTD"), and began a teaching internship assignment at South Cobb High School in Austell, Georgia. Defendant Fair, the Dean of the School of

---

[1] Defendants' motion to dismiss the original complaint was denied as moot because the original was superseded by the amended complaint. *See Order* [ECF No. 32], adopting Report and Recommendation [ECF No. 20].

Education at UTD, observed her performance on one occasion, and gave her a grade of D+. Plaintiff moved to the State of Illinois, where she planned to teach, but when UTD sent her transcripts to the Illinois Board of Education in 2004, it indicated "no record" for her teaching internship.  That same year, Dean Fair and other UTD administrators informed her that the University would not recommend her for a Texas teacher's certification unless she completed a second teaching internship. Plaintiff states that this would have required her to take out additional student loans to pay for the six credit hours for an internship.  Plaintiff alleges that Defendants Ashmore and Bray refused to complete a form required by the State of Illinois, certifying that she had completed a student teaching internship.  ECF No. 13, PageID.117-19.

      In July of 2019, Plaintiff applied for teacher certification in Michigan, which required that she provide a letter from the Dean of the education college at her university verifying that she had completed a state-approved teacher certification program. Michigan informed her that her transcripts did not confirm that she completed such program.  In a telephone conversation, Dean Fair told Plaintiff that UTD would not provide a certification letter to either Michigan or Illinois because she did not successfully complete her Texas certification program. Specifically, he said that her grade of D+ in her internship did not meet the requirement that she receive a grade of B or above.  Plaintiff alleges that while the UTD's 2019 standards require at least a grade of B, this was not the case in 2004, when D+ would be considered a passing grade.  ECF No. 13, PageID.123-24.

      Plaintiff claims that the Defendants have harmed her ability to obtain employment and certification as a teacher by refusing to acknowledge that she successfully completed a teacher training program at UTD in 2004.  ECF No. 13, PageID.128.  Giving this *pro se*

complaint a liberal construction, it appears to raise the following claims: (1) deceptive trade practices under the Michigan Consumer Protection Act; (2) antitrust violations under the Sherman Act; (3) breach of contract; and (4) violation of Texas and federal criminal statutes.

Defendants seek dismissal under Fed.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction); Fed.R.Civ.P. 12(b)(2) (lack of personal jurisdiction); and Fed.R.Civ.P. 12(b)(6) (failure to state a claim upon which relief can be granted).

## II.   STANDARD OF REVIEW

### Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of a complaint for lack of personal jurisdiction over a party, and the party asserting the existence of personal jurisdiction bears the burden of showing making at least a prima facie showing of its existence. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-1262 (6th Cir.1996); *Gould v. P.T. Krakatau Steel,* 957 F.2d 573, 575 (8th Cir.1992); *Kerry Steel, Inc. v. Paragon Indust., Inc*., 106 F.3d 147, 149 (6th Cir.1997). "Without personal jurisdiction over an individual ... a court lacks all jurisdiction to adjudicate that party's right, whether or not the court has valid subject matter jurisdiction.*" Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir.1991).

## III.   DISCUSSION

The Defendants have raised a number of persuasive arguments in support of dismissal, including Eleventh Amendment immunity, lack of standing, and the statute of limitations. However, because the Plaintiff's failure to establish personal jurisdiction over these Texas Defendants is dispositive, I will confine my discussion to Rule 12(b)(2).

The Defendants in this case are all domiciled in Texas. This Court can exercise

personal jurisdiction only if each Defendant is "amenable to service of process under the forum's long-arm statute and the exercise of personal jurisdiction does not deprive the defendant of their due process rights." *Lifestyle Lift Holding Co. v. Prendiville*, 768 F. Supp. 2d 929, 932 (E.D. Mich. 2011), citing *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir.2002). "The court's jurisdiction comports with due process 'when defendant has sufficient minimum contacts such that traditional notions of fair play and substantial justice are not offended.'" *Id.*, quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir.2005). *See also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985)("'[T]he constitutional touchstone' of the determination whether an exercise of personal jurisdiction comports with due process 'remains whether the defendant purposefully established 'minimum contacts' in the forum State'")(quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).[2]

Michigan's long-arm statute, M.C.L. § 600.705, provides that any one of the following relationships between a defendant and the State of Michigan constitutes sufficient minimum contacts to support personal jurisdiction:

(1) The transaction of any business within the state.

---

[2] In *Kerry Steel, Inc. v. Paragon Indust., Inc.*, 106 F.3d 147, 149 (6th Cir.1997), the Sixth Circuit described the two methods by which a federal court could acquire personal jurisdiction over a defendant:

> "Personal jurisdiction comes in two flavors: 'general' jurisdiction, which depends on a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant, and 'specific' jurisdiction, which exposes the defendant to suit in the forum state only on claims that arise out of or relate to a defendant's contacts with the forum." (Internal punctuation and citations omitted).

In this case, neither UTD nor the individual have the minimal contacts with Michigan that would support either general or specific personal jurisdiction.

> (2) The doing or causing an act to be done, or causing consequences to occur, in the state resulting in an action for tort.
>
> (3) The ownership, use, or possession of real or tangible personal property situated within the state.
>
> (4) Contracting to insure a person, property, or risk located within the state at the time of contracting.
>
> (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.
>
> (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of or having its principle place of business within this state.
>
> (7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

*See Lifestyle Lift* 768 F.2d at 933. In addition, the Sixth Circuit has established a three-part test to determine whether the exercise of personal jurisdiction is consistent with due process: (1) the defendant must purposefully avail themself of the privilege of acting in the forum state or causing a consequence to occur there; (2) the cause of action must arise from the defendant's activities there; and (3) the defendant's acts or the consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over him reasonable. *So. Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir.1968).

In this case, Plaintiff appears to rely on factors (1) and (2) in M.C.L. § 600.705, that is, transacting business within the State of Michigan and/or doing an act that causes consequences in Michigan that would support a tort claim. However, neither factor is sufficient to establish that any of the Defendants has the minimal contacts with Michigan that would satisfy either the long-arm statute or due process.

In *Walden v. Fiore*, 571 U.S. 277, 282-83 (2014), the Supreme Court addressed the

"minimum contacts" necessary to support a claim of specific jurisdiction, noting that "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id*. 571 U.S. at 283. The Court described two factors as relevant to that inquiry. First, "the relationship must arise out of contacts that the "defendant himself" creates with the forum State." *Id*, citing *Burger King Corp. v. Rudzewicz*, 471 U.S. at 475. In other words, the *plaintiff's* contacts with the forum state are insufficient to establish personal jurisdiction. *Id*., citing *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 417 (1984). Second, the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. at 285. The Court stated, "But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*.

Here, the only contact that any Defendant had with the State of Michigan was an alleged telephone call between Dean Fair and the Plaintiff regarding whether or not the Plaintiff was entitled to a certification that she had completed an educational program at UTD. Whatever their relationship to the Plaintiff herself, neither UTD nor any of the individual Texas-domiciled Defendants have any connection with the State of Michigan that would satisfy the "minimum contacts" test. *See e.g.*, *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1300 (6th Cir. 1989)(exchanges via mail and telephone calls insufficient); *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 357 (6th Cir. 2014)(telephone calls insufficient). The only link the Defendants had is with the Plaintiff herself, and that is insufficient. *Walden v. Fiore*, 571 U.S. at 285-86.

Because the Court cannot exercise personal jurisdiction over these Defendants, the amended complaint must be dismissed under Fed.R.Civ.P. 12(b)(2).

## IV.   CONCLUSION

I recommend that Defendants' Defendants' motion to dismiss Plaintiff's first amended complaint [ECF No. 17] be GRANTED, and that the first amended complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: March 10, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 10, 2020 electronically and/or by U.S. mail.

                                               s/Carolyn M. Ciesla
                                               Case Manager