UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEANICE D. CARTER,

    Plaintiff,

v.

UNIVERSITY OF TEXAS AT DALLAS, GEORGE FAIR, CAROLYN BRAY, and BARBARA ASHMORE,

    Defendants.
_____/

Case No. 19-cv-12381

Paul D. Borman
United States District Judge

R. Steven Whalen
United States Magistrate Judge

OPINION & ORDER:
(1) REJECTING PLAINTIFF'S OBJECTIONS (ECF No. 49);
(2) ADOPTING MAGISTRATE JUDGE WHALEN'S MARCH 10, 2020 REPORT AND RECOMMENDATION (ECF NO. 45);
(3) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 17); and
(4) DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 12) AND PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 27) AS MOOT

## I. INTRODUCTION

On March 10, 2020, Magistrate Judge R. Steven Whalen issued a Report and Recommendation (R&R) recommending that this Court grant Defendants' Motion to Dismiss (ECF No. 17) because it lacks personal jurisdiction over all of the Defendants. (ECF No. 45.) Plaintiff Geanice D. Carter filed her Objections to Magistrate Judge Whalen's R&R on May 20, 2020, after this Court granted an extension of the filing deadline. (ECF No. 49.) Defendants responded the following

day (ECF No. 50), and, on May 23, 2020, Carter filed a reply clarifying one aspect of her objections (ECF No. 51).

Having conducted a *de novo* review of the parts of the Magistrate Judge's R&R to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court agrees with Magistrate Judge Whalen that Defendants are not subject to the personal jurisdiction of this Court, and so rejects Plaintiff's Objections (ECF No. 49), adopts the Magistrate Judge's R&R (ECF No. 45), and grants Defendants' Motion to Dismiss (ECF No. 17). This action renders Carter's previously filed Motion for a Preliminary Injunction (ECF No. 12) and Motion for Reconsideration of the Magistrate Judge's denial of her Motion to Disqualify Defendants' counsel (ECF No. 27) moot. Accordingly, those Motions are denied and the case is dismissed with prejudice.

## II. BACKGROUND

Defendants in this case are the University of Texas at Dallas and three administrators of that university—George Fair, the Dean of Interdisciplinary Studies; Carolyn Bray, the Assistant Director of Certification and Accountability; and Barbara Ashmore, the Assistant Director of Student Teaching and Field Experience. (ECF No. 13, Amended Complaint, PgID 126.) All of them are domiciled in Texas. Carter alleges that they violated federal antitrust law, engaged in false misrepresentation, committed the criminal acts of abuse of office, abuse of

2

official capacity, and extortion, and that they breached an implied contract with Carter. (*Id.* at PgID 116–17.)

These claims stem from Carter's participation in a post-baccalaureate Teacher Education program at the University of Texas at Dallas from 2002-2004. (*Id.* at PgID 117.) She completed most of the program, including passing the required state exams, then moved to Georgia to complete her student teaching internship under the supervision of Defendant Dean George Fair. (*Id.* at PgID 117–18.) According to the Complaint, Dean Fair only observed her once during this internship, and, despite positive reviews from Carter's in-school mentor, he gave her a D+. (*Id.* at PgID 118.)

Carter believed that the D+ was a passing grade, and proceeded to moved to Illinois to teach. (*Id.*) When Carter tried to get licensed to teach in Illinois she ran into a problem because the University of Texas at Dallas would not certify that she had completed the teacher training program and sent a transcript that listed her internship grade as "NR" instead of "D+." (*Id.*) When Carter contacted Dean Fair and other administrators to request a complete transcript, they informed her that they would not certify her completion of the program until she returned to Texas and completed a second internship. (*Id.*) Carter did not want to take out more student loans, find a temporary place to live in Texas, or find a job as a paraprofessional or teaching assistant in Texas, so she asked for an alternative, but was told there were no other options to complete her program. (*Id.* at PgID 119.)

In July of 2019 Carter tried to get licensed to teach in Michigan, but ran into the same problem—University of Texas at Dallas would not certify that she completed the program unless she went back, completed a student teaching internship, completed updated course work, and took the state tests again due to the age of her prior scores. (*Id.* at PgID 123–24.) Carter alleges that Defendants are extorting her for tuition money. (*Id.* at PgID 123.)

### III.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the magistrate judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks omitted). A general objection, or one that merely restates arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination "without explaining the

4

Case 2:19-cv-12381-PDB-RSW  ECF No. 54  filed 07/20/20  PageID.440  Page 5 of 7

source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### IV.  ANALYSIS

Magistrate Judge Whalen found that personal jurisdiction was lacking over the Defendants because all of the Defendants are domiciled in Texas and therefore not subject to general personal jurisdiction and because "the only contact that any Defendant had with the State of Michigan was an alleged telephone call between Dean Fair and the Plaintiff regarding whether or not the Plaintiff was entitled to a certification that that had completed an educational program." (ECF No. 45, R&R, PgID 327.)

Carter objects to this finding because Defendants have had the following contacts with Michigan: (1) the University of Texas System, which includes the University of Texas at Dallas, transacts business with Michigan through its football and other college sports programs, which includes the sale of memorabilia online; (2) the University of Texas System has entered a contract with the University of Michigan to play a home-and-home football series; (3) the University of Texas at Dallas sells products and merchandise online to customers in Michigan; (4) the University of Texas at Dallas offers a distance learning program that some students use in Michigan; (5) the University of Texas at Dallas collects tuition from students

in Michigan; and (6) Defendant Fair has written articles that are available for purchase online. (ECF No. 49, Objections, PgID 348–57.)

The contacts that Carter identifies in her objection are insufficient to establish specific jurisdiction over Defendants for the purposes of this case because her causes of action do not "arise from [Defendant's] activities" in the forum state, as required by the Sixth Circuit's due process test. *See S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968) (establishing three-part test for constitutional personal jurisdiction). To satisfy this part of the test, the "plaintiff must demonstrate a causal nexus between the defendant's contacts with the forum state and the plaintiff's alleged cause of action," and the cause of action must "have a substantial connection with the defendant's in-state activities." *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 506–07 (6th Cir. 2014) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985), and *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1275 (6th Cir.1998)).

Carter's alleged causes of action arise from her requests to have administrators within the University of Texas at Dallas certify that she completed the teacher education program there, and their refusal to do so. These allegations have nothing to do with the college sports, the sale of University of Texas merchandise and memorabilia, the sale of Defendant Fair's articles online, or even any distance learning programs that may reach students in Michigan. The fact that Carter called

Defendants to request certification and purchased a transcript online while she resided in Michigan is also not a substantial connection between any of the Defendants' purposeful contacts identified by Carter and the State of Michigan. *See SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 356–57 (6th Cir. 2014) ("A person . . . does not create a 'substantial connection' with another state merely by answering the phone."). Carter has failed to show that Defendants have had enough contacts with the forum state to make the exercise of personal jurisdiction over them comport with the constitutional requirement of due process. Therefore, the Court rejects her Objections to Magistrate Judge Whalen's R&R and adopts the findings and conclusions therein. (ECF No. 45.)

## V. CONCLUSION

The Court hereby: (1) REJECTS Plaintiff's Objections (ECF No. 49); (2) ADOPTS the Report and Recommendation of Magistrate Judge Whalen (ECF No. 45); (3) GRANTS Defendants' Motion to Dismiss (ECF No. 17); (4) DENIES Plaintiff's Motion for Preliminary Injunction (ECF No. 12) and Plaintiff's Motion for Reconsideration (ECF No. 27) as moot; and (5) DISMISSES the case.

IT IS SO ORDERED.

Dated: July 20, 2020                              s/Paul D. Borman
                                                  Paul D. Borman
                                                  United States District Judge